IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RAMITA SHRESTHA**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-1421-L** |
| | § | |
| **ERIC H. HOLDER, et al.,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion to Dismiss Complaint, filed September 20, 2010. Plaintiff Ramita Shrestha ("Plaintiff" or "Shrestha") did not respond to the motion. After carefully considering the motion, record, and applicable law, the court **grants** Defendants' Motion to Dismiss Complaint.

**I.     Procedural and Factual Background**

Shrestha filed Plaintiff's Original Complaint for Writ in the Nature of Mandamus on July 20, 2010. Plaintiff seeks to compel action on her "Applications to Adjustment of Status under Section 245(i) of the INA Act." She contends that she is the beneficiary of an application for a labor certification filed on January 19, 2001.

Plaintiff seeks an order requiring Defendants Eric H. Holder, Attorney General, U.S. Department of Justice; Janet Napolitano, Secretary, U.S. Department of Homeland Security; Alejandro Mayorkas, Director, U.S. Citizenship and Immigration Services; Robert M. Cowan, Director, National Benefits Center, U.S. Citizenship and Immigration Services; and Tracy Tarango, District Director, U.S. Citizenship and Immigration Services (collectively, "Defendants") to approve

her applications for adjustment of status. She also seeks a permanent injunction prohibiting Defendants from violating 8 C.F.R. § 274a.13(2)(D) and attorney's fees.

## II.     Legal Standard for Rule 12(b)(1) – Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir.), *cert. denied*, 534 U.S. 1127 (2002); *see also Ynclan v. Dep't of Air Force*, 943 F.2d 1388,

1390 (5th Cir. 1991). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record. *See Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

### III. Analysis

Defendants have moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and in the alternative, pursuant to Rule 12(b)(6). They contend that the court lacks subject matter jurisdiction over Plaintiff's claims and that Plaintiff has failed to state a claim upon which relief can be granted.

Defendants argue that dismissal for lack of subject matter jurisdiction is proper because the adjudication of an application for adjustment of status is committed to agency discretion pursuant to 8 U.S.C. § 1255(a) and because she has no pending applications awaiting adjudication. With their motion, Defendants filed the Declaration of Kristi L. Poe Trahan Pertaining to Ramita Shrestha. Poe Trahan states that "there is no evidence in the Service record that indicates that a Form I-140 has been filed on behalf of the Plaintiff. Nor does that record indicate that Plaintiff has filed an I-485 based on a Form I-140." Poe Trahan Decl. ¶ 11. She also states that she requested the documents from Plaintiff's attorney but that "they were unable to find any of the requested documents." *Id*. ¶ 13.

The court determines that it lacks subject matter jurisdiction over this civil action. The only evidence before the court demonstrates that Plaintiff has no pending applications awaiting adjudication. This case is therefore moot:

> Under Article III, § 2, of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. The case or

> controversy requirement subsists through all stages of federal judicial proceedings and requires that the parties continue to have a personal stake in the outcome of the lawsuit. In instances where a litigant's primary stake in the outcome becomes moot . . . federal courts will allow the suit to proceed only where some collateral consequence of the litigation's outcome persists.

*Alwan v. Ashcroft*, 388 F.3d 507, 511 (5th Cir. 2004) (internal quotations omitted) (citations omitted). Plaintiff does not have any pending applications; thus the relief she seeks is moot. There is no continuing collateral consequence that would permit this case to proceed. "[I]f the controversy is moot, both the trial and appellate courts lack subject matter jurisdiction." *Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978) (citations omitted).

Accordingly, the court lacks subject matter jurisdiction over this case. The court does not therefore address the other arguments raised by Defendants in their motion.

## IV. Conclusion

For the foregoing reasons, the court determines that it lacks subject matter jurisdiction over this action. Accordingly, the court **grants** Defendants' Motion to Dismiss Complaint and **dismisses** this action **without prejudice**.

**It is so ordered** this 29th day of October, 2010.

_____
Sam A. Lindsay
United States District Judge